United States District Court
Southern District of Texas
**ENTERED**
April 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKIE WORN SPEED, TDCJ #1784817, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19-cv-3416 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## **MEMORANDUM AND ORDER**

Jackie Worn Speed is currently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Speed has filed a federal habeas corpus petition under 28 U.S.C. § 2254 to challenge an adverse decision by the Texas Board of Pardons and Paroles, which denied him early release from prison on mandatory supervision [Doc. # 1]. The respondent has filed a motion for summary judgment [Doc. # 7], arguing that Speed is not entitled to relief. Speed has filed a reply to the motion [Doc. # 9]. After reviewing all of the pleadings, the state court record, and the applicable law, the respondent's motion will be granted and this action will be dismissed for the reasons explained below.

## I. BACKGROUND

On April 24, 2012, Speed entered a guilty plea to a charge of "driving while intoxicated – 3rd or more," otherwise known as "felony DWI," in Hutchinson County, Texas, in cause number 10,537 [Doc. # 8-2, at 53–55, 61–65]. Those charges were enhanced for purposes of punishment from a third-degree felony to a second-degree felony because Speed acknowledged that he had a prior felony conviction for felony DWI that had been entered against him in 2010 [*Id*. at 53–54]. That same day, the 316th Judicial District Court for Hutchinson County found Speed guilty and sentenced him to a 11-year term of imprisonment [*Id.* at 53–55]. Speed is presently serving that sentence at the Pack Unit in Navasota [Doc. # 1-4, at 1].

On January 29, 2019, Speed received written notice from the Texas Board of Pardons and Paroles (the "Parole Board") that he was eligible for release on discretionary mandatory supervision [Doc. # 7-1, at 2]. The notice advised Speed that the Parole Board would review his file along with all available records to determine if he would be released and instructed him to submit any additional information he wanted the Parole Board to consider within thirty days [*Id.*]. The notice also advised him, however, that pursuant to Texas Government Code § 508.149(b) his release to mandatory supervision would not occur if the Parole Board determined that his "accrued good conduct time is not an accurate reflection of [his] potential for rehabilitation and that [his] release would endanger the public"

2

[*Id.*].

On April 12, 2019, the Parole Board issued a written decision denying Speed release on mandatory supervision [Doc. # 7-1, at 4]. The Parole Board listed five reasons for its decision:

> 9D1. The record indicates that the offender's accrued good conduct time is not an accurate reflection of the offender's potential for rehabilitation.
>
> 9D2. The record indicates that the offender's release would endanger the public.
>
> 1D. The record indicates that the offender has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release.
>
> 3D. The record indicates excessive substance use involvement.
>
> 5D. The record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia.

[*Id.*].

On June 19, 2019, Speed filed a state application for writ of habeas corpus, challenging the Parole Board's adverse decision [Doc. # 8-2, at 6–34]. In that application, Speed primarily argued that the Parole Board violated his constitutional due process rights when it denied his release to mandatory supervision [*Id.* at 11, 13–14]. In particular, Speed argued that he had accrued the necessary time credits

to warrant his "immediate release" [*Id.*]. On August 7, 2019, the Texas Court of Criminal Appeals denied the application without written order [Doc. # 8-1, at 1].

In a federal habeas petition that was received on September 10, 2019, Speed now seeks relief from the Parole Board's decision under 28 U.S.C. § 2254. Speed contends that he is entitled to immediate release on mandatory supervision for essentially the same reason that he raised in state court [Doc. # 1-4, at 6]. The respondent has filed a motion for summary judgment, arguing that Speed's petition should be dismissed because it is without merit [Doc. # 7]. Speed has filed objections to the motion [Doc. # 9].

## II. **STANDARD OF REVIEW**

The claims asserted by Speed were raised and rejected on state habeas corpus review. As a result, these claims are subject to review under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified at 28 U.S.C. § 2254(d). Under this standard, a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).

"A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially

indistinguishable facts." *Matamoros v. Stephens*, 783 F.3d 212, 215 (5th Cir. 2015) (quoting *Gray v. Epps*, 616 F.3d 436, 439 (5th Cir. 2010)). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The AEDPA standard "imposes a 'highly deferential standard for evaluating state-court rulings, . . . [which] 'demands that [state-court] decisions be given the benefit of the doubt[.]" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). This standard is intentionally "difficult to meet" because it was meant to bar relitigation of claims already rejected in state proceedings and to preserve federal habeas review as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102–03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)).

This deferential standard of review applies even where the state court fails to

cite applicable Supreme Court precedent or fails to explain its decision. *See Early v. Packer*, 537 U.S. 3, 7 (2002); *see also Richter*, 562 U.S. at 100 (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'"). Thus, a federal habeas court's inquiry is not altered where, as here, the state court denies relief without a written opinion. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).

### III.  **DISCUSSION**

Speed primarily complains that the Parole Board violated his constitutional right to due process by denying him early release to mandatory supervision because he has accrued more than enough time credits to justify his immediate release [Doc. # 1-4, at 6]. The respondent correctly notes that Speed does not demonstrate that he was denied due process when the Parole Board decided that he was not entitled to release for discretionary reasons.

In Texas, there are two ways in which an inmate becomes eligible for early release from prison: the first is by "parole" and the second is by "mandatory supervised release." *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007). "Parole . . . is 'the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division.'" *Teague*, 482 F.3d at 774 (quoting Tex. Gov't Code § 508.001(6)). Because parole

is entirely discretionary, there is no liberty interest in parole that is protected by the Due Process Clause. *See Teague*, 482 F.3d at 774; *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995).

Mandatory supervision, on the other hand, is "the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(5). In contrast to parole, an inmate's release to mandatory supervision is required when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Tex. Gov't Code § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). An inmate may not be released to mandatory supervision, however, if he has been convicted of certain crimes listed in Texas Government Code § 508.149(a), which are not relevant here, or if the Parole Board determines that (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public. *See* Tex. Gov't Code § 508.149.

Both the Fifth Circuit and the Texas Court of Criminal Appeals have held that the mandatory supervision scheme creates a protected liberty interest that entitles eligible inmates to the minimum amount of due process protection. *See, e.g.*, *Teague*, 482 F.3d at 776; *Ex parte Geiken*, 28 S.W.3d 553, 557–58 (Tex. Crim. App.

2000). In this context, constitutional due process requires that an eligible inmate be provided "notice and a meaningful opportunity to be heard." *Geiken*, 28 S.W.3d at 560 (citing *LaChance v. Erickson*, 522 U.S. 262, 266 (1998)). In the typical case, an inmate must be given notice of the month and year in which he will be reviewed for release to mandatory supervision at least thirty days before the review takes place. *Ex parte Retzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004). If release is denied, "the inmate must be informed in what respects he falls short of qualifying for early release." *Geiken*, 28 S.W.3d at 560. Due process, however, does not require a live hearing before the Parole Board, nor does it "require that the [Parole] Board provide the particulars in the inmate's file upon which it rested the decision to deny release." *Id.* (citations omitted); *see also Boss v. Quarterman*, 552 F.3d 425, 426, 429 (5th Cir. 2008) (holding inmate received due process when the Parole Board's decision denying release to mandatory supervision listed statutory reasons for the denial but did not offer any evidence from the record to support its findings).

Here, Speed does not claim that he was denied adequate notice or an opportunity to be heard prior to the Parole Board's decision. In fact, the record indicates that Speed received sufficient advance notice that he was being considered for early release on mandatory supervision and given an opportunity to provide additional information to the Parole Board [Doc. # 7-1, at 2]. The Parole Board also provided Speed with a written explanation of its decision to deny him release, listing

several reasons, including the statutory factors outlined in § 508.149(b) of the Texas Government Code [Doc. # 7-1, at 4]. Under these circumstances, Speed was afforded all the process that was due. *See Geiken*, 28 S.W.3d at 560.

Speed objects and repeats his argument that he should be released immediately based on the accumulation of his time-credits [Doc. # 9, at 5–6]. However, Speed does not dispute that he was afforded adequate notice and an opportunity to be heard by the Parole Board.[1] Accordingly, Speed does not show that he was denied release to mandatory supervision without due process or that the state court's decision was contrary to or an objectively unreasonable application of Supreme Court precedent for purposes of federal review under 28 U.S.C. § 2254(d)(1). Because Speed has failed to show that he is entitled to relief, the Court will grant the respondent's motion for summary judgment and dismiss this case.

## IV. <u>CERTIFICATE OF APPEALABILITY</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253(c). A certificate of appealability

---

[1] Although Speed also appears to argue that he was denied due process on state habeas review because he was not given an opportunity to object [Doc. # 9, at 4–5], it is well established that "infirmities" or errors that occur during state collateral review proceedings "do not constitute grounds for relief in federal court." *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (quoting *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999)) (citations omitted).

will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in different manner, a certificate of appealability will not issue in this case.

## V. <u>**CONCLUSION AND ORDER**</u>

Accordingly, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 7] is **GRANTED**.

2. The habeas corpus petition filed by Jackie Worn Speed under 28 U.S.C. § 2254 [Doc. # 1] is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk's Office will provide a copy of this order to the parties.

SIGNED at Houston, Texas on <u>April 13</u>, 2020.